OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Defendant was arrested and charged in a misdemeanor information with driving while intoxicated. At trial before the
 
 *197
 
 Justice Court for the Town of East Hampton, the court also charged the jury on the lesser-included offense of driving while impaired. The jury acquitted defendant of driving while intoxicated but failed to reach a verdict on the lesser charge. The court then declared a mistrial as to that charge.
 

 The People sought to retry defendant on the lesser charge and filed a new information charging him with driving while impaired. Defendant objected to the presence of two accusatory instruments — the old and new informations — in the court file. In addition, defendant argued that double jeopardy barred the People from retrying him for driving while impaired. The court denied defendant’s double jeopardy claim, and ruled that the retrial would proceed on the original accusatory instrument. Subsequently, on the People’s motion, the court dismissed the second accusatory instrument. A bench trial ensued, at which the court considered only the lesser charge of driving while impaired.
 

 At the close of the evidence, defendant again moved to dismiss the charge on double jeopardy grounds. In addition, defendant argued that the original accusatory instrument had been rendered a nullity by his acquittal of driving while intoxicated — the only count charged in that information — and thus the retrial had improperly proceeded on the original instrument. The court denied defendant’s motion and found him guilty of driving while impaired.
 

 The Appellate Term reversed defendant’s conviction, holding that since “the sole charge in the original instrument was that of which defendant had already been acquitted, it could not support further proceedings even though the court indicated that it would consider only a charge of driving while impaired. A new instrument was required.” A Judge of this Court granted leave, and we now reverse.
 

 Analysis
 

 A criminal proceeding, of course, must be commenced by the filing of an accusatory instrument. Here, there is no dispute that defendant’s first trial was properly commenced by the filing of an accusatory instrument charging him with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The question before us is whether a new accusatory instrument was necessary to commence defendant’s retrial on the lesser-included charge of driving while impaired (Vehicle and Traffic
 
 *198
 
 Law § 1192 [1]), on which the first jury hung. We hold that it was not.
 

 To begin, both the Vehicle and Traffic Law and the Criminal Procedure Law provide statutory authority for the retrial on the original accusatory instrument. The Vehicle and Traffic Law permits a defendant to be convicted of driving while impaired (under section 1192 [1]) even if the accusatory instrument charges only driving while intoxicated (under subdivisions [2] or [3]). Vehicle and Traffic Law § 1192 (9) states that a “driver may be convicted of a violation of subdivision one, two or three of this section, notwithstanding that the charge laid before the court alleged a violation of subdivision two or three of this section, and regardless of whether or not such conviction is based on a plea of guilty.” In addition, the Criminal Procedure Law authorizes a retrial on any count submitted to the jury at the first trial for which the jury failed to reach a verdict. CPL 310.70 (2) states that following “the rendition of a partial verdict * * * a defendant may be retried for any submitted offense upon which the jury was unable to agree.” CPL 310.70 (2) provides two exceptions to this rule, neither applicable here.
 

 Notwithstanding these statutory authorizations, defendant argues that his retrial on the original accusatory instrument violated the rule of
 
 People v Mayo
 
 (48 NY2d 245).
 

 In
 
 Mayo,
 
 the defendant was indicted for one count only: first-degree robbery. At the close of the evidence, the Trial Judge held that there was insufficient evidence to support the first-degree robbery charge, but instructed the jury on the lesser-included offenses of second- and third-degree robbery. The jury was unable to reach a verdict on the lesser charges, and a mistrial resulted. The People then sought to retry the defendant on the original, first-degree robbery indictment. Defendant argued that the retrial violated the Double Jeopardy Clause, but the court permitted the retrial to go forward. At the close of the evidence, however, the court informed the jury that it could not consider the first-degree robbery charge “for legal reasons,” but instead could consider only the lesser offenses of second- and third-degree robbery (48 NY2d, at 248-249). This time, the jury convicted the defendant of second-degree robbery.
 

 This Court reversed the defendant’s conviction in
 
 Mayo,
 
 for several reasons. First, the defendant’s right against double jeopardy was violated “in the most fundamental manner” when
 
 *199
 
 the court permitted the retrial to proceed on the first-degree robbery count. While the People had the right to retry the defendant for the lesser offenses, they did not limit the retrial to those offenses. Thus, the defendant was “once again at risk of being convicted of first degree robbery” (48 NY2d, at 249-250). The Court noted that even though the defendant was not convicted of first-degree robbery at the retrial, double jeopardy bars a defendant from even having to defend against the same charge a second time. In addition, the jurors were “informed at the outset that defendant Mayo was on trial for first degree robbery,” and the defendant may well have adjusted his trial strategy to defend against that count
 
 (id.,
 
 at 251). Thus, the error could not be considered harmless.
 

 Additionally, the Court held that it was necessary to formally dismiss the first-degree robbery indictment, holding that, since the sole count charged in the indictment was “not prosecutable under settled double jeopardy principles, nothing remains to support further criminal proceedings under that accusatory instrument”
 
 (id.,
 
 at 253). The Court noted, however, that the defendant could be retried under a new indictment containing any lesser charges not barred by the double jeopardy rule.
 

 Mayo
 
 does not require reversal of the conviction here. First, the double jeopardy concerns underlying our decision in
 
 Mayo
 
 are not present in the case at hand. Unlike in
 
 Mayo,
 
 the People here did not seek to retry defendant on the count (driving while intoxicated) of which he was acquitted at the first trial. Rather, the only count at issue in the retrial was the lesser driving while impaired charge for which the jury had failed to reach a verdict. At no point during the retrial was defendant in jeopardy of conviction of the greater offense. Thus, there was no constitutional double jeopardy bar to the second trial.
 

 Nor was the accusatory instrument in the present case rendered a nullity by defendant’s acquittal of driving while intoxicated at his first trial. As noted, Vehicle and Traffic Law § 1192 (9) specifically permits a conviction of driving while impaired on an instrument charging driving while intoxicated. Thus, the original instrument charging driving while intoxicated also, by operation of law, charged the offense of driving while impaired. No new accusatory instrument was required.
 

 Further, it is significant that
 
 Mayo
 
 involved felony charges, while the present case involves misdemeanors. The New York Constitution requires a Grand Jury indictment for felony offenses: “No person shall be held to answer for a capital or
 
 *200
 
 otherwise infamous crime * * * unless on indictment of a grand jury” (NY Const, art I, § 6). Thus, in felony cases where the original indictment charged only the greater offense, the
 
 Mayo
 
 rule safeguards a defendant’s constitutional rights by ensuring that a Grand Jury indictment is obtained for the lesser felony offenses before a retrial proceeds.
 

 By contrast, since misdemeanor charges may be brought on a prosecutor’s information, no purpose would be served by requiring the prosecutor to file a new information before proceeding to retrial on a lesser-included offense. Notably, the People had the right, at any time, to convert the original information charging driving while intoxicated to a new information charging driving while impaired, since the allegations in the original instrument were sufficient to support the lesser driving while impaired charge. Thus, mandating a new information prior to retrial would do nothing more than require the prosecutor to file another piece of paper. Moreover, defendant was not deprived of his right to notice of the proceedings against him. He was clearly aware of the lesser charge, which was submitted to the jury at his first trial.
 

 Finally, we underscore that where a retrial on a lesser-included offense proceeds on the original accusatory instrument, the court should take care to ensure that, unlike in
 
 Mayo,
 
 the jury is not informed that the defendant was originally tried for the greater offense. Since the present case involved a bench trial, any issue of jury prejudice is not relevant here.
 

 Accordingly, the order of the Appellate Term should be reversed and the case remitted to the Appellate Term for consideration of the facts.
 

 Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order reversed and case remitted to the Appellate Term, Ninth and Tenth Judicial Districts, for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]).