GARY ALAN GREEN & BROADWAY SOUND & VIDEO, INC., Plaintiffs–Appellants,

v.

Richard E. JACKSON, Jr., as Commissioner of Department of Motor Vehicles of the State of New York in his official capacity, Jonathan Lippman, as Chief Administrative Judge of the Office of the Court Administration and as Chief Administrator, Katherine N. Lapp, as present and former Commissioner of the Division of Criminal Justice Services, & Paul Shectman, as present and former Commissioner of the Division of Criminal Justice Services, Defendants–Appellees.

The STATE of New York, East Hampton, Incorporated Village of East Hampton, Margaret Dunn, Individually and in her capacity as Village Police Detective, Robert Mott, Individually and in his official capacity as Village Police Detective, Gerard Larsen, individually and in his official capacity as Police Sergeant, Anthony P. Long, individually and in his official capacity as Police Officer, Randall Sarris, Lt., in his official capacity as Executive Officer, Glen F. Stonemetz, Jr., East Hampton Village

Police Chief, Paul F. Rickenbach, Jr., in his official capacity as East Hampton Village Police Commissioner and Mayor, Defendants.

Docket No. 00–9359.

United States Court of Appeals, Second Circuit.

June 4, 2002.

Patricia Weiss, Sag Harbor, NY, for plaintiffs-appellants.

John J. Sullivan, New York State Office of Court Administration, New York, NY, (John Eiseman of Counsel on the brief), for defendant-appellee Chief Administrative Judge Jonathan Lippman.

Sachin Pandya, Assistant Solicitor General, State of New York, New York, N.Y. for Eliot Spitzer, Attorney General of the State of New York (Mark Gimpel, Deputy Solicitor General, Adam Aronson, Assistant Solicitor General, on the brief) for defendants-appellees Richard E. Jackson, Katherine N. Lapp, and Paul Shechtman.

Present POOLER and SOTOMAYOR, Circuit Judges, GARAUFIS, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (E. Thomas Boyle, *Magistrate Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED in part and the appeal is DISMISSED in part for lack of jurisdiction.

Plaintiffs, Gary Alan Green ("Green") and Broadway Sound & Video, Inc.[1] ("Broadway"), appeal an order of the district court dismissing their complaint pursuant to Fed.R.Civ.P. 12(b)(6).[2] In the present action, Green and Broadway brought a host of 42 U.S.C. § 1983 claims against the Village of East Hampton, the Commissioner of the Department of Motor Vehicles, the Chief Administrative Judge of the Office of the Court Administration, and various state and local law enforcement officials. *Green and Broadway Sound & Video, Inc. v. Village of East Hampton et al.*, CV–99–1920 ("*Green II* "). Green and Broadway previously had sued East Hampton and certain of its employees and officers—some of whom were also sued in *Green II*—for much of the same conduct alleged in *Green II* and on many of the same claims. *Green and Broadway Sound & Video, Inc. v. Village of East Hampton et al.*, CV–97–1697 ("*Green I* "). After the district court dismissed plaintiffs' complaint in *Green II*, the parties tried *Green I* and a jury held in favor of the defendants on all counts. Following the verdict, plaintiffs entered into a stipulation with the East Hampton defendants in which plaintiffs agreed not to continue their *Green II* appeal against East Hampton or its officers and employees. Therefore, plaintiffs' claims survive only against the defendants employed by New York State.[3] All of the surviving claims seek injunctive or declaratory relief.

On October 13, 1995, plaintiff-appellant Gary Alan Green was pulled over by Police Officer Gerard Larsen for speeding and

---

* The Hon. Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

1. Green, Broadway's president, and his mother are the sole shareholders of Broadway Sound & Video, Inc.

2. Because the district court's Memorandum and Order was based on a Rule 12(b)(6) motion to dismiss, this Court must assume plaintiffs' allegations to be true. Therefore, the facts presented below were taken from plaintiffs' First Amended Complaint.

3. The defendants who remain in the present case are Richard Jackson (Commissioner of the Department of Motor Vehicles), Jonathan Lippman (Chief Administrative Judge), Katherine Lapp and Paul Shechtman (present and former Commissioner of the Division of Criminal Justice Services). Jackson, Lippman, Lapp, and Shechtman are collectively referred to as the "New York State defendants." Lieutenant Sarris, Officer Mott, Officer Larsen, Officer Long, Stonemetz, and Rickenbach are collectively referred to as the "East Hampton defendants."

was subsequently arrested for Driving While Intoxicated ("DWI"). At the scene, he was asked by Police Officer Anthony Long to take a breathalyzer test. Despite Long's insistence, Green refused to take the test until he spoke with his attorney. The test was never administered and Green claims that Officer Long failed to sign the customarily submitted "Report of Refusal to Submit to Chemical Test." Later that evening Green's license was suspended, pending an administrative hearing. Plaintiff Green contends that at no time during their interactions with Green did Officer Long or Officer Larsen read Green his *Miranda* rights.

On October 26, 1995, Administrative Law Judge ("ALJ") Debowy, who conducts hearings for the State of New York's Department of Motor Vehicles, revoked Green's license, stating that his conditional consent to the breathalyzer test constituted a refusal. Green contends that he did not appeal this decision because the judgment was rendered moot when he applied for and was granted an interim license approximately two and a half weeks later.

On April 6, 1996, three days before Green's DWI trial, East Hampton Police Officers Margaret Dunn and Robert Mott approached Green near Broadway Sound & Video, Inc. Although they were not in uniform nor in a marked vehicle, they asked to see Green's license and subsequently ripped the interim license out of his hand. At this time, Green contends, one officer placed Green in a "choke hold," which caused him severe injury. Ultimately, Green was arrested for Unlicensed Operation of a Vehicle and Resisting Arrest. Broadway's van was also impounded. Although Green was issued a desk appearance ticket after his arrest, he was not arraigned until forty-seven days after his April 6 arrest.

At Green's DWI trial, ALJ Roger W. Walker, a non-lawyer judge, instructed the jury that if they found Green not guilty of DWI, they could still return a guilty verdict for the lesser offense of Driving While Ability Impaired ("DWAI"). However, the jury did not convict Green of either offense. The Village of East Hampton then filed formal DWAI charges against Green based upon the October 13, 1995 incident. In May 1998, Judge Walker held a bench trial on the DWAI charge and Green was convicted. In 1998, the Appellate Term reversed Judge Walker's ruling; however, in May 2001, the Court of Appeals reversed the Appellate Term's decision and remitted the case to the Appellate Term for consideration of the facts. *See People v. Green*, 96 N.Y.2d 195, 200, 726 N.Y.S.2d 357, 750 N.E.2d 59 (N.Y.Ct.App.2001).

In July 1999, Green was convicted of Aggravated Unlicensed Operation of a Motor Vehicle and Resisting Arrest—the charges stemming from his April 1996 arrest. He received a year jail sentence and three years probation. On October 24, 2000, the Appellate Term reversed Green's Aggravated Unlicensed Operation of a Vehicle and Resisting Arrest convictions, and on March 2, 2001, the State Court of Appeals denied the State's application for leave to appeal the reversal of Green's separate conviction for Aggravated Unlicensed Operation of a Vehicle. Thus, the Appellate Term's reversal is final.

Plaintiffs brought the present case (*Green II*) on April 6, 1999, and defendants filed motions to dismiss under Fed. R.Civ.P. 12(b)(6). On September 29, 2000, Magistrate Judge E. Thomas Boyle issued a Memorandum and Order, dismissing, with prejudice, the following claims: Count I (withholding discoverable documents in *Green I*), Count II (failure to provide Miranda warnings, violation of right to counsel, and failure to adequately train DMV

employees), Counts V & VI (failure to adequately train various East Hampton defendants), Count VII (civil rights violation for forty-seven day arraignment delay), and Count X (conspiracy to violate Green's constitutional rights). Count III (retaliation) was dismissed on consent with prejudice as to the New York State defendants. Count IX was dismissed with prejudice in all respects other than the impoundment issues, which were dismissed without prejudice. Count VIII ("constructive taking" of Green's driver's license) was dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), pending the outcome of the appeals in Green's state criminal actions and Count III was dismissed without prejudice under *Heck* solely as to the retaliatory harsher sentence claim.

After the Court disposed of the aforementioned counts, the following claims remained: (1) Green's excessive force claim against Dunn; (2) Count III (Green's claim that the East Hampton defendants retaliated against him for pleading innocent other than the retaliatory sentence claim dismissed under *Heck*), and Count IV (Green's failure to intercede claims against Sarris and Stonemetz with respect to impoundment). The district court concluded that these claims are repeated and survive in Green I and the court dismissed Green II in its entirety.[4]

On appeal, plaintiffs contend that the district court's decision was erroneous in numerous respects. However, because the appeal has been abandoned with respect to the East Hampton defendants, this Court need only concern itself with those claims that remain against the New York State defendants. Although the East Hampton defendants are no longer involved in this appeal, the allegations against these defendants are still noteworthy insofar as all of plaintiffs' claims against the New York State defendants are, in some form, derivative of their claims against the East Hampton defendants. The claims are based upon the New York State defendants failure to train adequately various employees, including the East Hampton defendants.

Plaintiffs contend that the district court erred in its ruling on the following counts. With respect to plaintiffs' claims against Commissioner Jackson, plaintiffs contend that Jackson failed adequately to train DMV employees to enter the issuance of Green's interim license into its computer and thereby engaged in a "constructive taking" of Green's license without due process. Furthermore, plaintiffs allege that Jackson ratified, affirmed and condoned the Village's constitutional torts by assisting in Green's prosecution by signing documents and providing them to one of the Village's police officers rather than providing them to the Town Justice pursuant to subpoena.[5] Plaintiffs also contend that Chief Administrative Judge Lippman failed adequately to train lay justices with

---

4. On October 31, 2000, Judge Boyle entered a Judgment, which again stated that all the claims that survived his September 29, 2000 Memorandum and Order are repeated and survive in Green I. In response to the Order, the East Hampton defendants (Dunn, Larsen, Mott, Long, Sarris, Stonemetz and Rickenbach) filed a motion for reconsideration on October 18, 2000. On December 1, 2000, Judge Boyle denied defendants' motion for reconsideration.

5. It does not appear that plaintiffs have raised this issue on appeal. However, to the extent that this issue has been raised, it is subsumed under plaintiffs' claims against the New York State defendants for failure to train the East Hampton officials to turn over discoverable materials. In this respect, it is dealt with below.

respect to a criminal defendant's right to a prompt arraignment, speedy trial, and prevention of double jeopardy.

Green further asserts that Lippman, Lapp, and Shechtman deliberately violated his due process rights by failing adequately to train the East Hampton defendants regarding criminal procedure, most notably with respect to prompt arraignments. Lapp and Shechtman are also alleged to have violated Green's constitutional rights by failing to instruct East Hampton police officers that a forty-seven day arraignment denies the criminally accused of equal protection of the law. In addition, plaintiffs contend that Lapp and Shechtman failed properly to train Officer Dunn regarding proper police procedures as reflected by her act of ripping up Green's interim license. Finally, plaintiffs allege that Shechtman failed to train local law enforcement, principally Officer Long, to sign the "Report of Refusal to Submit to Chemical Test" and to honor Green's request to speak with an attorney.

On appeal, plaintiffs make a compelling argument that some or all of their claims against the New York State defendants may be heard insofar as the *Heck* doctrine no longer poses a procedural bar. For example, the Appellate Term's reversal of Green's conviction for Aggravated Unlicensed Operation of a Vehicle arguably eliminates the concerns underlying *Heck*—that a court's ruling on a § 1983 claim would call into question a plaintiff's state sentence or conviction. In any event, we need not decide these issues because we dismiss plaintiffs' claims on other grounds. The district court's failure to reach the substance of the claims that it found barred by *Heck* does not prohibit this Court from entering judgment in the present case. As we stated in *Albert v. Loksen*, the Court may rule "on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Albert v. Loksen*, 239 F.3d 256, 266 (2d Cir. 2001) (quoting *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 584 (2d Cir.2000)). Moreover, subject matter jurisdiction is a threshold issue we reach *sua sponte*.

■ We hold that plaintiffs' claims against defendants Lapp, Lippman, and Shechtman are dismissed for lack of subject matter jurisdiction. "Article III's requirement of a 'case or controversy' obligates the federal courts to hear only suits in which the plaintiff has alleged some actual or threatened harm to him or herself, as a result of a 'putatively illegal action.' " *Leibovitz v. New York City Transit Auth.*, 252 F.3d 179, 184 (2d Cir. 2001) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)). In order for a plaintiff requesting injunctive or declaratory relief to have such standing, *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), and its progeny state he or she "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *See Deshawn E. by Charlotte B. v. Safir*, 156 F.3d 340, 344 (2d Cir.1998) (citing *Lyons*, 461 U.S. at 105–06, 103 S.Ct. 1660). In the present action, Green has requested injunctive or declaratory relief against Lapp and Shechtman for failure adequately to train law enforcement officials and against Lippmann for failure adequately to train lay judges. Any assertion that Green will again have negative encounters with East Hampton police officers or that he is likely to appear before an administrative law judge is far too speculative to satisfy the standing requirement. Because there is no actual case or controversy, all of plaintiffs' claims against Lapp, Lippman, and

Shechtman are dismissed. *See* U.S. Const. art. III § 2, cl.1.

■ Plaintiffs' claims against Commissioner Jackson are also dismissed because they have failed to allege any facts supporting their theory that Jackson failed to train DMV employees. In contending that Commissioner Jackson failed to train DMV employees, plaintiffs imply that Green's experience of not having his interim license electronically registered is not an isolated event. However, plaintiffs' complaint indicates nothing more than the existence of an isolated act of negligence by DMV employees. Such isolated negligence falls far short of sufficiently alleging that Commissioner Jackson failed adequately to train his employees. Given plaintiffs' failure to allege facts supporting their failure-to-train allegation, they are unable to state a claim upon which relief can be granted. As such, plaintiffs' claims against Commissioner Jackson are dismissed.[6]

■ Lastly, to the extent that plaintiffs continue to appeal the discovery claims against the New York State defendants, this Court affirms the district court's ruling that Fed.R.Civ.P. 26 and 37 are plaintiffs' sole remedies and dismisses those claims. Plaintiffs contend that the New York State defendants failed to train local law enforcement to disclose discoverable materials, namely three of the four NYSPIN records requested. As a remedy for this violation, plaintiffs have brought a § 1983 claim, contending that they were deprived, without due process, of documents in which civil litigants have a "federally cre-

ated intellectual property right." Concluding that plaintiffs provided no relevant authority for this claim, the district court dismissed plaintiffs' allegations. Having found there is no cognizable property interest in discoverable material, the district court also dismissed plaintiffs request for an injunction and declaration directed against the New York State defendants ensuring that police officers are instructed as to the importance of turning over discoverable material. Plaintiffs lone authority for establishing the existence of a federally created property interest in discoverable materials lies in *J.D. Salinger v. Random House,* 811 F.2d 90 (2d Cir.1987). This case does not support plaintiffs' novel theory.

We have considered the parties' other arguments and find them to be without merit. In sum, plaintiffs' claims against the East Hampton defendants have been dropped and all remaining claims against the New York State defendants are dismissed. More specifically, the claims against Lapp, Lippman, and Shechtman are dismissed for lack of standing, the claims against Commissioner Jackson are dismissed for failure to state a claim upon which relief can be granted, and those claims regarding the discoverable materials are also dismissed for failure to state a claim.

■ Furthermore, we deny plaintiffs' request to file pleadings and orders regarding a case that did not involve Green or Broadway. Plaintiffs' requests that we take judicial notice of New York state court orders in Green's case and that we

---

6. In their appellate brief, plaintiffs allege that Jackson provided false information by presigning forms used for authentication of DMV records. To the extent that this constitutes a separate claim, it is unique to this appeal and was not raised in the plaintiffs' First Amended Complaint. As a result, it is dismissed. To the extent that this argument is presented in further support of Jackson's failure to train DMV employees, it adds nothing more to plaintiffs' contention that Jackson failed · to train DMV employees.

allow plaintiffs to file an errata sheet are granted.

Accordingly, the judgment of the district court is hereby AFFIRMED in part and the appeal is DISMISSED in part for lack of jurisdiction.

