■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MARTIEN, Also Known as FRANK MARTINEZ, Appellant. [757 NYS2d 258] —Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered June 1, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 6 to 12 years, and order, same court and Justice, entered October 18, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of identification and credibility were properly considered by the jury and there is no basis for disturbing its determinations.

The two drug sales were properly joined pursuant to CPL 200.20 (2) (c), and the court properly declined to grant a discretionary severance pursuant to CPL 200.20 (3), since a joint trial was not unduly prejudicial (*see People v Streitferdt,* 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]), and since defendant failed to make a "convincing showing that he had [both] important testimony to give concerning one case and a strong need to refrain from testifying in the other" (*People v Brown,* 287 AD2d 341, 342 [2001], *lv denied* 97 NY2d 702 [2002]).

The totality of the record establishes that defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]). Contrary to defendant's arguments, his attorney was well prepared for trial and made reasonable strategic decisions.

Defendant's newly discovered evidence claim was not contained in his CPL 440.10 motion. In any event, the evidence in question would not entitle defendant to a new trial (*see* CPL 440.10 [1] [g]). Concur—Nardelli, J.P., Tom, Andrias, Saxe and Williams, JJ.