■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN SMITH, Appellant. [784 NYS2d 530]—

Judgment, Supreme Court, New York County (Carol Berkman, J., on dismissal motion; Ira F. Beal, J., at mistrial; Budd G. Goodman, J., at jury trial and sentence), rendered July 26, 2000, convicting defendant of robbery in the first degree and burglary in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years, unanimously affirmed.

The record establishes that at defendant's first trial he consented to a mistrial and thus waived his present double jeopardy claim (*People v Ferguson*, 67 NY2d 383, 386-389 [1986]; *People v Michallow*, 201 AD2d 915 [1994], *lv denied* 83 NY2d 874 [1994]). In any event, the court properly declared a mistrial where, after a short and relatively uncomplicated trial and a reasonable period of deliberations, the jury's notes clearly indicated a deadlock, and, after the court had diligently encouraged further deliberations, each juror, when polled, agreed that the jury was "hopelessly hung" (*see e.g. People v Campbell*, 203 AD2d 127 [1994], *lv denied* 84 NY2d 823 [1994]).

At the instant retrial, the court properly removed defendant from the courtroom because of his disruptive conduct and provided him with a reasonable opportunity to communicate with his attorney (*see Illinois v Allen*, 397 US 337 [1970]). When defense counsel requested that defendant be permitted to view the trial through a television connection, the court properly denied that request on the ground that no such equipment was available. We reject defendant's suggestion that a court is obligated to acquire and employ some type of electronic communication device for a defendant who has forfeited the right to be present (*see Bell v Evatt*, 72 F3d 421, 432 [4th Cir 1995], *cert denied sub nom. Bell v Moore*, 518 US 1009 [1996]).

The court did not violate defendant's right to testify. The court advised defendant that he could return to the courtroom and testify provided that he gave relevant testimony and did

not engage in further disruptions. However, defendant made it clear that his proposed "testimony" would be nothing more than a repetition of his previous tirade about the irrelevant fact that his prior trial had ended in a hung jury. Under these circumstances, defendant forfeited his right to testify (*see People v Menner*, 2 AD3d 650 [2003]).

Defendant failed to preserve his present arguments concerning the sufficiency of the evidence that he had displayed what appeared to be a weapon, and concerning the affirmative defense set forth in Penal Law § 140.30 (4) and § 160.15 (4), and we decline to review them in the interest of justice. Were we to review these claims, we would reject them (*see People v Lopez*, 73 NY2d 214 [1989]; *People v Baskerville*, 60 NY2d 374 [1983]). Furthermore, defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel was not ineffective for failing to request the court to submit the affirmative defense to the jury, since there was no evidence to support that defense.

We have considered and rejected defendant's arguments concerning the grand jury proceeding. Concur—Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.