■ The People of the State of New York, Respondent, v Isheah Young, Appellant. [838 NYS2d 550]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered October 11, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the third

degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

Based on his disruptive conduct, the court properly excluded defendant from the courtroom during jury selection. Defendant did not preserve his contentions that the court should have made arrangements for him to monitor the proceedings, and should have initiated inquiries into whether he wished to reclaim his right to be present (*see People v Jones*, 288 AD2d 107, 107-108 [2001], *lv denied* 97 NY2d 706 [2002]), and we decline to review them in the interest of justice. Were we to review these claims, we would "reject defendant's suggestion that a court is obligated to acquire and employ some type of electronic communication device for a defendant who has forfeited the right to be present" (*People v Smith*, 12 AD3d 219, 220 [2004], *lv denied* 4 NY3d 836 [2005], citing *Bell v Evatt*, 72 F3d 421, 432 [4th Cir 1995], *cert denied sub nom. Bell v Moore*, 518 US 1009 [1996]), and we would also find that during the brief exclusion defendant received a sufficient opportunity to communicate with counsel and to reclaim his right to be present, which he did at the end of jury selection.

All of defendant's challenges to the court's main and supplemental jury instructions in response are unpreserved (*see People v Whalen*, 59 NY2d 273, 280 [1983]; *People v Williams*, 297 AD2d 565 [2002], *lv denied* 99 NY2d 566 [2002]), and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. The court expressly stated that the adjudication was based entirely on defendant's criminal history. Defendant did not preserve his argument that his adjudication was defective under state law because the court did not make additional factual findings about his history and character, as allegedly required by CPL 400.20 (9), or his claim that the court nevertheless made factual findings that were constitutionally impermissible under *Apprendi v New Jersey* (530 US 466 [2000]), and we decline to review them in the interest of justice. Were we to review these claims, we would reject both the statutory and constitutional claims. In *People v Rivera* (5 NY3d 61, 70-71 [2005], *cert denied* 546 US 984 [2005]), the Court of Appeals interpreted the statutory scheme so as not to require "additional factfinding beyond the fact of two prior felony convictions . . . If, for example, a defendant had an especially long and disturbing history of criminal convictions, a persistent felony offender sentence might well be within the trial justice's discretion even with no further factual findings." Here,

the court expressly stated that it was making just such a determination. Therefore, under the *Rivera* interpretation of the statute, no further findings were necessary. We also conclude that the adjudication was constitutional because the court based it solely on prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]), facts found by the jury in the instant case, and the court's discretionary evaluation of the seriousness of defendant's criminal history. Concur—Tom, J.P., Mazzarelli, Saxe, Williams and Malone, JJ.