■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL REYNOSO ADAMES, Appellant. [840 NYS2d 12]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., on severance motion; Rosalyn Richter, J., at jury trial and sentence), rendered August 26, 2002, as amended October 30, 2002, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 6 to 12 years, respectively, and judgment, same court, Ronald A. Zweibel, J., rendered May 22, 2003, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a consecutive term of 10 to 20 years, unanimously affirmed.

The indictment included charges relating to the murder of two persons, occurring in 1993 and 1994, respectively. At the first trial, the jury convicted defendant of intentional murder relating to the 1993 incident, acquitted him of intentional murder relating to the 1994 incident, and was unable to reach a verdict on other counts relating to the later incident, including the lesser included offense of first-degree manslaughter upon which he was convicted at the second trial.

The motion court properly exercised its discretion in denying defendant's motion to sever the counts relating to the two ·

incidents. The two sets of counts were properly joined pursuant to CPL 200.20 (2) (c) because defendant was charged with the intentional murder of both victims pursuant to the same statute, and defendant failed to show good cause for a severance (*see e.g. People v Martien*, 303 AD2d 284, 285 [2003], *lv denied* 100 NY2d 563 [2003]). Defendant argues that he should be granted a new trial on the counts related to the 1993 death because the admission of evidence about the 1994 death may have led the jury at his first trial to believe that he had a propensity for violence. However, the court's jury instructions were sufficient to prevent the evidence of the 1994 incident from having any prejudicial effect with respect to the 1993 incident. Furthermore, that the jury acquitted defendant of the intentional murder of the 1994 victim and deadlocked on the other counts concerning that victim demonstrated that defendant was not prejudiced by the joinder and that the jury was able to segregate the evidence of the two crimes (*see People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]).

At the first trial, the court did not violate the principles set forth in *People v O'Rama* (78 NY2d 270 [1991]) when it responded to a jury note that suggested the possibility of a deadlock. The court disclosed the note to counsel, offered an opportunity to be heard, and sufficiently apprised counsel of its intended response. The record does not support defendant's assertion that the court misled his counsel about the substance of its planned instruction (*see People v Wheeler*, 271 AD2d 257 [2000], *lv denied* 95 NY2d 939 [2000]; *People v Burgos*, 207 AD2d 656 [1994], *lv denied* 84 NY2d 906 [1994]). Even if the court should have been more explicit about what it was going to tell the jury, any error was harmless because there was nothing coercive about the instruction, characterized by counsel as a "modified *Allen* charge" (*see Allen v United States*, 164 US 492 [1896]).

Although defendant was acquitted of the intentional murder of the 1994 victim, his retrial for the lesser included offense of first-degree manslaughter did not violate the Double Jeopardy Clauses of the Federal and State Constitutions. In general, an acquittal bars reindictment of any uncharged lesser included offense (*People v Biggs*, 1 NY3d 225 [2003]). However, when a defendant has been acquitted of a crime, he or she may be retried for an originally charged lesser included offense on which the jury failed to reach a verdict at the first trial (*see People v Green*, 96 NY2d 195 [2001]; *People v Suarez*, 40 AD3d 143 [2007]). Furthermore, CPL 310.70 (2) authorizes a retrial, since a convic-

tion for manslaughter in the first degree, which only requires intent to cause serious physical injury (*see* Penal Law § 125.20 [1]), is not inconsistent with an acquittal of intentional murder, which requires intent to cause death (*see* Penal Law § 125.25 [1]).

During his testimony at the second trial, the medical examiner rendered minor medical assistance in the courtroom to an alternate juror who became ill and was excused from jury service. The court properly exercised its discretion in denying defendant's mistrial motion made on the ground that the incident would be likely to enhance the medical examiner's credibility. A trial court need not grant a mistrial when there are "less drastic means of alleviating whatever prejudice may have resulted" (*People v Young*, 48 NY2d 995, 996 [1980]). The court offered to give a curative instruction, but defendant declined.

Defendant did not preserve his argument that the court should have conducted an inquiry of the jurors after the incident involving the medical examiner, his Confrontation Clause claim concerning evidence received at his second trial, and his challenge to the court's response at the first trial to a jury note concerning defendant's confession, and we decline to reach any of these claims, in the interest of justice. Were we to review these claims, we would reject them. Defendant's pro se arguments are without merit.

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.