■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS GRAHAM, Appellant. [856 NYS2d 7]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered June 24, 2005, convicting defendant, after a jury trial, of burglary in the second degree (seven counts), burglary in the third degree (five counts), forgery in the second degree, criminal possession of a forged instrument in the second degree, and grand larceny in the fourth degree, and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life, unanimously modified, on the law, to the extent of granting defendant's motion to suppress statements, vacating the convictions for grand larceny and burglary under counts 17 and 18 (renumbered 15 and 16) of the indictment (relating to an incident at 61 East 77th Street) and remanding for a new trial on those counts, and otherwise affirmed. Order, same court and Justice, entered on or about May 8, 2006, which denied defendant's CPL 440 motion to vacate the judgment, unanimously modified, on the facts, to the extent of vacating the convictions under the aforementioned counts and remanding for a new trial.

The court should have granted defendant's suppression motion. After receiving *Miranda* warnings from one detective, defendant told another detective about eight hours later that he did not want to talk about any of the burglaries at issue. At this point, the police should have ceased interrogation (*see People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]; *People v Brown*, 266 AD2d 838 [1999], *lv denied* 94 NY2d 860 [1999]). Instead, the second detective immediately, and without new warnings, told defendant that there was video and fingerprint evidence linking him to the crimes; this led defendant to say, "charge me with everything, I did everything." The police comment clearly constituted interrogation and was improper (*see People v Kollar*, 305 AD2d 295, 298 [2003], *appeal dismissed* 1 NY3d 591 [2004]). Although defendant later asked to speak to the detective and made the confessions that were admitted at trial, the detective never readministered *Miranda* warnings.

However, with the exception of the counts relating to the burglary at 61 East 77th Street, the error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). Each of the other crimes was established by fingerprints or other compelling evidence, and there is no reasonable possibility that the confession contributed to the verdict.

Defendant is also entitled to a new trial, as to these same counts, on the ground set forth in his CPL 440 motion. We conclude that, at the evidentiary hearing conducted on his mo-

tion, defendant established by a preponderance of the evidence (*see* CPL 440.30 [6]) that the People failed to turn over one of defendant's statements (relating to an incident at 145 West 45th Street) until after the verdict; we thus substitute our own factual finding for that of the motion court. This delay violated the People's disclosure obligation under CPL 240.20 (1) (a). Although this statement was not introduced at trial, defendant was prejudiced because the statement contained material that he could have used for impeachment purposes in challenging the voluntariness of his statements, both at the suppression hearing and at trial. Nevertheless, as noted earlier, the admission of defendant's statements was harmless except as to certain counts. Accordingly, defendant is not entitled to any remedy pursuant to his CPL 440.10 motion beyond the remedy we have granted with respect to his direct appeal.

Defendant's claim that certain counts of the indictment should have been severed is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see e.g. People v Adames*, 42 AD3d 328, 329 [2007]). Similarly, we find that counsel did not render ineffective assistance by failing to move for severance.

The court properly exercised its discretion in adjudicating defendant a persistent felony offender, and we perceive no basis for reducing the sentence. We reject defendant's constitutional and statutory challenges to the court's adjudication procedure. The court expressly stated that it was basing its adjudication entirely on the constitutionally permissible factors of the instant jury's findings, defendant's prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]), and the court's discretionary evaluation of the seriousness of defendant's criminal history (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]). Although defendant argues that the statutory scheme requires a court to make additional findings, the sentencing court's findings satisfied the statute as interpreted by the Court of Appeals (*see id.* at 70-71; *People v Young*, 41 AD3d 318, 319-320 [2007]). Concur—Lippman, P.J., Tom, Buckley and Gonzalez, JJ.