# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**258**

**OP 14-01594**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ROBERT CASE, JR., PETITIONER,

V                                          MEMORANDUM AND ORDER

FRANK A. SEDITA, III, ERIE COUNTY DISTRICT
ATTORNEY, AND HONORABLE JOHN L. MICHALSKI, ERIE
COUNTY SUPREME COURT JUSTICE, RESPONDENTS.

---

LAW OFFICE OF JOSEPH A. ABLES, JR., ORCHARD PARK (JOSEPH A. ABLES, JR., OF COUNSEL), FOR PETITIONER.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), RESPONDENT PRO SE.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit the continued prosecution of Erie County Indictment No. 01158-2012.

It is hereby ORDERED that said petition is unanimously granted in part without costs, and judgment is granted in accordance with the following memorandum:  Petitioner commenced this CPLR article 78 proceeding in this Court pursuant to CPLR 506 (b) (1), seeking, inter alia, to prohibit his prosecution in Supreme Court, Erie County, on that count of an indictment charging him with driving while intoxicated, per se, as a class E felony ([DWI, per se] Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [i] [A]).  Petitioner alleges that such prosecution is barred by double jeopardy.  Initially, we agree with petitioner that relief in the nature of prohibition pursuant to CPLR article 78, under the appropriate circumstances, is "available to bar a retrial on double jeopardy grounds" (*Matter of Plummer v Rothwax*, 63 NY2d 243, 249 n 4).  We further agree with petitioner that he is entitled to relief in the nature of prohibition barring his retrial on the charge of DWI, per se, and we therefore grant the petition to that extent.

Defendant was charged with DWI, per se, along with driving while intoxicated as a class E felony ([common-law DWI] Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), and related charges, and the matter proceeded to a bench trial in Erie County Court.  Defendant objected during the trial to the introduction of the results of a breathalyzer test, but the court overruled the objection.  Before deliberations, defendant asked the court to consider the lesser included offense of driving while ability impaired ([DWAI] § 1192

[1]).  After deliberating, the court acquitted defendant of common-law DWI, but convicted him of DWI, per se, and speeding.  After the verdict was rendered, defendant moved pursuant to CPL 330.30 (1) to set aside the verdict on the ground that the documents concerning the breathalyzer test results were improperly admitted in evidence, and the court agreed.  Then, in an order from which the People did not appeal, the court determined that the remaining trial evidence is legally insufficient to establish petitioner's guilt of DWI, per se, and dismissed that charge (*cf.* CPL 330.50 [1]; 470.20 [1]; *People v Carter*, 63 NY2d 530, 536-538).  We therefore conclude that, under the circumstances of this case, the trial court's finding of legal insufficiency was tantamount to an acquittal for purposes of double jeopardy and bars petitioner's retrial on that charge (*see People v Biggs*, 1 NY3d 225, 229; *see also Burks v United States*, 437 US 1, 18).

Petitioner contends that the prohibition against double jeopardy bars the People from prosecuting him for the lesser included offense of DWAI.  We reject that contention.  "[I]n a bench trial, it is presumed that the Judge sitting as the trier of fact made his [or her] decision based upon appropriate legal criteria" (*People v Lucas*, 291 AD2d 890, 891 [internal quotation marks omitted]).  Here, the court, upon acquitting defendant of common-law DWI, would have applied the "acquit-first" rule (*see generally People v Helliger*, 96 NY2d 462, 464-465; *see also Matter of Rivera v Firetog*, 11 NY3d 501, 509 n 4), and next considered DWI, per se, before reaching DWAI as a lesser included offense under either count of DWI (*see generally People v Johnson*, 87 NY2d 357, 359-360).  Inasmuch as the court convicted defendant of the count charging DWI, per se, it could not have reached the lesser included offense of DWAI.  Consequently, we conclude that "double jeopardy concerns . . . are not present in the case at hand . . . [because] the People here d[o] not seek to retry defendant on the count[, i.e., DWI, per se, or common-law DWI] of which he was acquitted at the first trial.  Rather, the only count at issue in the retrial [will be] the lesser [DWAI] charge for which the [court did not] reach a verdict.  At no point during the retrial [will] defendant [be] in jeopardy of conviction of the greater offense.  Thus, there [i]s no constitutional double jeopardy bar to [a] second trial" on the lesser included offense of DWAI (*People v Green*, 96 NY2d 195, 199).

Finally, although not raised by the parties, we note that "the accusatory instrument in the present case [was not] rendered a nullity by defendant's acquittal of [both counts of DWI] at his first trial . . . Vehicle and Traffic Law § 1192 (9) specifically permits a conviction of [DWAI] on an instrument charging driving while intoxicated.  Thus, the original instrument charging driving while intoxicated also, by operation of law, charged the offense of [DWAI].  No new accusatory instrument [is] required" (*Green*, 96 NY2d at 199).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court