■ In the Matter of TALLULAH YATES, Petitioner, v PHILIP L. TOIA, as Executive Deputy Commissioner and Acting Commissioner of the Department of Social Services for the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State Commissioner of Social Services, dated October 8, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's grant of assistance in the category of aid to families with dependent children because her husband was found to be living in the household. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. We find the determination to be supported by substantial, competent evidence. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELVIN BROWN, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated January 25, 1977, which, after a hearing, granted the defendant's motion to suppress certain physical evidence, on the ground that a prior order of suppression of the Criminal Court of the City of New York, Kings County, made in a separate prosecution of the defendant arising out of the same arrest, collaterally estopped the People from relitigating the issue of the validity of the arrest. Order reversed, on the law, and action remanded to the Criminal Term for a *de novo* hearing and determination of the motion to suppress evidence. The doctrine of collateral estoppel is inapplicable since the underlying order of suppression of the Criminal Court has been reversed. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.