■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLON QUAMINA, Appellant. [653 NYS2d 612] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered September 22, 1994, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The first trial proceeded under the instant indictment in which the defendant and another were charged, *inter alia*, with criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts). At that trial, the jury acquitted the defendant of the two counts charging criminal possession of a weapon in the second degree, but was unable to reach a verdict on the two counts charging criminal possession of a weapon in the third degree. The court ordered a new trial as to the counts charging criminal possession of a weapon in the third degree. The defendant was convicted of those counts and now appeals from the judgment of conviction.

Prior to the second trial, the defendant moved to dismiss the indictment on the ground, *inter alia*, that collateral estoppel barred the People from introducing evidence, at a retrial, regarding the discharge of a weapon and injury to any person resulting from that discharge. The court denied the defendant's motion.

As found by the Supreme Court, the defendant failed to carry his burden of establishing that the jury in the first trial, by acquitting him of the second degree weapons possession counts, "necessarily" resolved the issues which the defendant sought to foreclose in the retrial for criminal possession of a weapon in the third degree (*see, People v Acevedo*, 69 NY2d 478, 480; *People v Goodman*, 69 NY2d 32, 40).

Further, under the facts of this case, we find no violation of the defendant's constitutional or statutory protections against double jeopardy (*see*, CPL 40.20 [2]; NY Const, art I, § 6; US Const 5th, 14th Amends), and we reject the defendant's claim that relitigation of the charges of criminal possession of a weapon in the third degree was barred by CPL 310.70 (2) (a). Pursuant to that section, a retrial following a partial verdict is permissible as to a count upon which the jury could not agree, but any such retrial is prohibited if a conviction on a retried count would be inconsistent with the verdict rendered in the first trial. There is no such inconsistency here, inasmuch as the element involving the "intent to use [the weapon] unlawfully" applies to criminal possession of a weapon in the second degree, but not criminal possession of a weapon in the third degree.

Finally, there is no merit to the defendant's remaining contention that the trial court failed to respond meaningfully to the jury's request for supplemental instructions (*see*, CPL 310.30; *People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847). Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.