[803 NE2d 370, 771 NYS2d 49]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BIGGS, Appellant.

Argued October 22, 2003; decided December 2, 2003

## POINTS OF COUNSEL

*Reyna E. Marder,* New York City, *Lynn W.L. Fahey* and *Barry S. Stendig* for appellant. Defendant's prosecution for the lesser included offense of intentional manslaughter violated the federal and state prohibition against double jeopardy when intentional murder counts had been dismissed for insufficiency at a prior trial. (*Burks v United States,* 437 US 1; *Hudson v Louisiana,* 450 US 40; *People v Mayo,* 48 NY2d 245; *Sanabria v United States,* 437 US 54; *Blockburger v United States,* 284 US 299; *People v Wood,* 95 NY2d 509; *North Carolina v Pearce,* 395 US 711; *People v Glover,* 57 NY2d 61; *Brown v Ohio,* 432 US 161; *People v Owens,* 227 AD2d 256.)

*Charles J. Hynes, District Attorney,* Brooklyn (*Victor Barall* and *Leonard Joblove* of counsel), for respondent. Defendant's prosecution for two counts of manslaughter in the first degree at his second trial did not deprive him of his constitutional double jeopardy rights. Moreover, defendant's statutory double jeopardy claim is unpreserved for appellate review and without merit. (*People v Latham,* 83 NY2d 233; *People v P.J. Video,* 68 NY2d 296; *Green v United States,* 355 US 184; *United States v DiFrancesco,* 449 US 117; *North Carolina v Pearce,* 395 US 711; *Arizona v Washington,* 434 US 497; *Matter of Davis v Brown,* 87 NY2d 626; *United States v Martin Linen Supply Co.,* 430 US

564; *People v Prescott,* 66 NY2d 216, 475 US 1150; *Sanabria v United States,* 437 US 54.)

**OPINION OF THE COURT**

CIPARICK, J.

This appeal presents two questions for our review. The threshold question is whether Supreme Court's withdrawal of the intentional murder counts from the jury's consideration on the ground that there was insufficient evidence to support those charges constituted an acquittal for purposes of the Double Jeopardy Clauses of both the Federal and New York State Constitutions (US Const 5th Amend; NY Const, art I, § 6). If so, we turn to whether first degree manslaughter is the same offense as intentional murder for constitutional double jeopardy purposes such that an acquittal of the greater offense precludes further prosecution for the lesser offense. We conclude that defendant was acquitted of the intentional murder charges, and that his subsequent prosecution for manslaughter in the first degree violated the Double Jeopardy Clauses of the Federal and State Constitutions.

In February 1999, defendant shot and killed two people, an adult male and a 14-year-old female. The original indictment charged defendant with two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]), four counts of murder in the second degree—consisting of two counts of intentional murder and two counts of depraved indifference murder—(Penal Law § 125.25 [1], [2]), and one count of criminal possession of a weapon in the second and third degrees (Penal Law § 265.03 [2]; § 265.02 [4]). Before the case was submitted to the jury, the court repeatedly advised the parties that there was insufficient evidence of intentional murder. For example, at a preliminary charge conference before the close of the People's proof, the Judge informed the parties that he did not intend to submit the counts of intentional murder to the jury, stating "[t]here's no evidence for me [to] submit to the jury that the defendant intended to kill these two people . . . [s]o I don't believe there is evidence to support intentional murder[ ] in a case where two individuals were randomly shot and killed." When the People attempted to argue at a later charge conference that the jury should be permitted to consider intentional murder, the Judge indicated that he had previously ruled on the matter, that there was insufficient evidence to support intentional murder and that the evidence was consistent with a depraved act. The only

charges submitted to the jury were two counts of second degree depraved indifference murder (Penal Law § 125.25 [2]) and two counts of second degree manslaughter (Penal Law § 125.15 [1]) as a lesser included offense. The defendant did not move to dismiss the intentional murder charges at any point.

After two and a half days' deliberation, the jury found the defendant not guilty of the murder charges, but was unable to reach a verdict on the manslaughter charges. While the jury deliberated, the Judge discussed the options with counsel, including the possibility that defendant enter into a plea agreement. The court advised defendant that he could never be retried for murder, but that he could be retried for the manslaughter charges and face sentence exposure consistent with the maximum for a second violent felony offender guilty of second degree manslaughter. Defendant did not accept the plea, and at defense counsel's request the Judge gave the jury an *Allen* charge. After further deliberation, the jury was still unable to reach a verdict on the second degree manslaughter charges and the Judge declared a mistrial.

Defendant was subsequently indicted for two counts of manslaughter in the first degree (Penal Law § 125.20 [1]) and two counts of manslaughter in the second degree. He moved to dismiss the second indictment arguing that it was unauthorized under CPL 310.70 and that double jeopardy precluded his retrial for first degree manslaughter as a lesser included offense of intentional second degree murder. Supreme Court denied defendant's motion to dismiss, finding that the evidence was legally sufficient to support the charges in the second indictment and, specifically, that the indictment for manslaughter in the first degree was proper, as that charge was not considered by the first jury or contained in the original indictment.

After a second jury trial, defendant was convicted of two counts of manslaughter in the first degree. The jury had been advised not to consider manslaughter in the second degree if they returned a guilty verdict of manslaughter in the first degree. The Appellate Division affirmed, finding that double jeopardy did not prevent defendant from being tried for first degree manslaughter (298 AD2d 398 [2002]). We now reverse.

## Analysis

The Double Jeopardy Clause contains three separate guarantees: First, "[i]t protects against a second prosecution for the same offense after acquittal. [Second,] [i]t protects against a

second prosecution for the same offense after conviction. And [third] it protects against multiple punishments for the same offense" (*North Carolina v Pearce*, 395 US 711, 717 [1969] [footnotes omitted], *overruled in part on other grounds Alabama v Smith*, 490 US 794 [1989]). The case before us falls within the first category as defendant alleges it involves an acquittal and a second prosecution for the same offense.

First, we need to examine whether the defendant was acquitted of the intentional murder charges. It is settled that dismissal of a count due to insufficient evidence is tantamount to an acquittal for purposes of double jeopardy and protects a defendant against additional prosecution for such count (*see Smalis v Pennsylvania*, 476 US 140, 142 [1986]; *Burks v United States*, 437 US 1, 18 [1978]; *People v Mayo*, 48 NY2d 245, 249 [1979]). Here, defendant never sought a trial order of dismissal. Nor did the Judge specifically state that he was dismissing the counts. However, "what constitutes an 'acquittal' is not to be controlled by the form of the judge's action. . . . Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged" (*United States v Martin Linen Supply Co.*, 430 US 564, 571 [1977] [citations omitted]).

█ Under the facts of this case, Supreme Court clearly dismissed the intentional murder counts due to insufficient evidence. The Judge repeatedly stated that the intentional murder count was unsupportable. It was also apparent from the colloquy while the jury was deadlocked that the parties believed the intentional murder charges had been dismissed and that defendant could only be prosecuted for second degree manslaughter in any subsequent indictment. It is unquestionably the better practice for defense counsel to move for a trial order of dismissal when the People have rested or at the close of proof (*see* CPL 290.10). However, under these facts and circumstances, the Judge's decision not to submit the intentional murder counts to the jury was a dismissal of the charges for insufficient evidence constituting a resolution of those charges, and thus the equivalent of an acquittal for double jeopardy purposes.

Since the defendant was acquitted of intentional murder, we next must determine whether first degree manslaughter is the same offense as second degree murder for double jeopardy

purposes,[1] so that his acquittal of the murder charges barred subsequent prosecution for first degree manslaughter. The Double Jeopardy Clause precludes consecutive prosecutions for greater and lesser included offenses where, "the lesser offense . . . requires no proof beyond that which is required for conviction of the greater" (*see Brown v Ohio*, 432 US 161, 168 [1977]; *People v Wood*, 95 NY2d 509, 514 [2000]). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not" (*Blockburger v United States*, 284 US 299, 304 [1932] [citations omitted]).

A person is guilty of second degree murder when "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person" (Penal Law § 125.25 [1]). First degree manslaughter is established when "[w]ith intent to cause serious physical injury to another person, he causes the death of such person or of a third person" (Penal Law § 125.20 [1]).[2]

Under the *Blockburger* test, these two crimes are the "same" offense. If second degree intentional murder has been proven, there is no additional fact that must be shown to establish first degree manslaughter. There can be no doubt that it is impossible to intend to kill a person without simultaneously intending to seriously physically injure that person. Thus, the lesser offense does not require any proof beyond that required to sustain a conviction of the greater offense. "The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it" (*Brown*, 432 US at 168 [holding that joyriding and auto theft were the "same" offense for double jeopardy purposes where joyriding required no proof beyond that necessary to establish auto theft]). For double jeopardy purposes, intentional murder in the second degree and manslaughter in the first degree should be considered the same

---

**1.** Although defendant was acquitted of both first degree intentional murder and second degree intentional murder, for the purposes of this appeal we address only whether first degree manslaughter is the same offense as second degree intentional murder.

**2.** Serious physical injury is further defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).

offense as no additional element of proof is required to sustain a conviction of first degree manslaughter beyond that which is required for second degree murder.

Consequently, since defendant was acquitted of the intentional murder charges at his first trial, and manslaughter in the first degree is the same offense as murder in the second degree under *Blockburger*, the Double Jeopardy Clauses of both the Federal and State Constitutions precluded defendant's subsequent indictment and prosecution for first degree manslaughter.

■ Although a defendant's state and federal constitutional double jeopardy claims are reviewable even when they are not properly preserved below (*see People v Michael*, 48 NY2d 1, 7 [1979]), the same is not true of a statutory double jeopardy claim under Criminal Procedure Law § 40.20 (2). "A statutory claim that one may not be separately prosecuted for two offenses based on the same act or criminal transaction . . . must be duly preserved if there is to be appellate review" (*People v Dodson*, 48 NY2d 36, 38 [1979]; *see also People v Gonzalez*, 99 NY2d 76, 82-83 [2002] [holding that a constitutional double jeopardy claim as to whether multiple punishments for the same offense were appropriate was a statutory interpretation question that must be preserved for review]). Here, contrary to defendant's contention, the statutory double jeopardy claim under CPL 40.20 (2) was not adequately preserved for our review.

The parties' remaining contentions are without merit.

Accordingly, the order of the Appellate Division should be reversed, the counts of the indictment charging defendant with manslaughter in the first degree dismissed and a new trial ordered on the counts of the indictment charging defendant with manslaughter in the second degree.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO and READ concur.

Order reversed, etc.