■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JOHNSON, Appellant. [788 NYS2d 379]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered February 26, 2002, convicting defendant, after a jury trial, of gang assault in the second degree, and sentencing him to a term of 7½ to 15 years, unanimously reversed, on the law, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

At a previous trial, the jury convicted defendant of manslaughter in the second degree and gang assault in the first degree, acquitting him of manslaughter in the first degree. Defendant protested that conviction for first-degree gang assault and acquittal for first-degree manslaughter represent an irreconcilable inconsistency (*see People v Gallagher*, 69 NY2d 525, 529-530 [1987]) because both require intent to cause serious physical injury. Rather than resubmit the case to the jury to resolve the conflict (CPL 310.50 [2]; *see People v Robinson*, 45 NY2d 448, 452 [1978]; *People v Rodriguez*, 276 AD2d 326, 327 [2000], *lv denied* 96 NY2d 738 [2001]), the court simply dismissed the gang assault count. Defendant was sentenced to 5 to 15 years imprisonment on the second-degree manslaughter count. The People did not appeal.

The conviction was subsequently vacated as the result of *Brady* and *Rosario* violations, and defendant was then tried and convicted of gang assault in the second degree (requiring only intent to cause physical injury, resulting in death) arising out of the same incident. On appeal, defendant contends that the instant prosecution is barred by the state and federal constitutional prohibition against double jeopardy.

It is the People's contention that the outcome at the first trial did not amount to an acquittal of first-degree gang assault and, therefore, pursuant to CPL 440.10 (6), defendant could have been retried for either first- or second-degree gang assault. This narrow view of double jeopardy fails to take into account the application of collateral estoppel to protect defendants against serial prosecutions under multiple theories arising from the same transaction (*see People v Goodman*, 69 NY2d 32, 38 [1986]; *People v Sailor*, 65 NY2d 224, 229 [1985], *cert denied* 474 US 982 [1985]). Whether or not defendant was previously acquitted of gang assault in the first degree, it remains that he was acquitted of manslaughter in the first degree and that the People acquiesced in the judgment convicting him of manslaughter in

the second degree (requiring only recklessness, resulting in death). It is indisputable that the earlier prosecution terminated with a final and valid judgment (*see Goodman*, 69 NY2d at 38), and that the People were afforded a full and fair opportunity to litigate the issue of defendant's intent to inflict serious physical injury upon the victim (*cf. People v Berkowitz*, 50 NY2d 333, 347 [1980]). The result is therefore tantamount to an acquittal of gang assault in the first degree (*Burks v United States*, 437 US 1, 16 [1978]) "and protects a defendant against additional prosecution for such count" (*People v Biggs*, 1 NY3d 225, 229 [2003]).

The principle of collateral estoppel is "subsumed within the Federal constitutional prohibition against double jeopardy so as to preclude the prosecution of a defendant who has himself previously been acquitted of another crime based on the same transaction, where the prior acquittal necessarily involved a rejection by the jury of some factual element necessary to the new prosecution" (*People v Berkowitz*, 50 NY2d at 343-344). By acquitting defendant of first-degree manslaughter, the jury in the previous trial necessarily negated an element of gang assault in the first degree. The result reflects a finding that the evidence was insufficient to sustain conviction for any offense predicated on the intent to cause serious physical injury, and defendant clearly could not be retried on this count (*id.*).

Whether defendant could be retried for second-degree gang assault depends on whether it is considered the same offense, for the purpose of double jeopardy, as first-degree gang assault (*see People v Owens*, 227 AD2d 256 [1996], *lv denied* 88 NY2d 991 [1996], *cert denied* 520 US 1224 [1997]). The test is "whether each provision requires proof of an additional fact which the other does not" (*Blockburger v United States*, 284 US 299, 304 [1932]). It is clear that these two offenses are the "same" because once the greater offense has been proven, no additional fact need be shown to establish the lesser offense (*Biggs*, 1 NY3d at 230). It is impossible to intend to cause serious physical injury without intending to cause physical injury. Consequently, since acquittal of manslaughter in the first degree at the first trial is tantamount to acquittal of gang assault in the first degree and since that offense is the same as gang assault in the second degree, the constitutional prohibition against double jeopardy precluded defendant's subsequent trial for the latter crime (*id.* at 230-231). Concur—Tom, J.P., Saxe, Marlow and Sweeny, JJ. [*See* 191 Misc 2d 105.]