■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN WHITE, Appellant. [816 NYS2d 416]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered February 18, 2004, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 18 years, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who, after the subject was raised by defense counsel, initially indicated that defendant's prior criminal record might impact on her deliberations. When the court explained that the panelist could consider defendant's criminal past only for its bearing on his credibility as a witness, she unequivocally

assured the court that she could follow that instruction and properly consider defendant's criminal record (*see People v Chambers*, 97 NY2d 417, 419 [2002]).

The court properly refused to charge assault in the third degree (Penal Law § 120.00 [1]) as a lesser included offense of assault in the first degree (Penal Law § 120.10 [1]). There was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser, but not the greater, offense. There was no reasonable view that defendant only intended ordinary physical injury when he repeatedly kicked the fallen victim in the head, causing devastating injuries. Moreover, there was credible evidence that defendant expressly admitted his intent to kill or seriously injure the victim. Had the jury chosen to believe defendant's testimony, which negated any intent to cause injury to the victim and which claimed defendant acted in self-defense, it would have found him not guilty of both assault in the first and third degrees (*see People v Zayas*, 140 AD2d 395 [1988], *lv denied* 72 NY2d 869 [1988]; *see also People v Ruiz*, 216 AD2d 63 [1995], *affd* 87 NY2d 1027 [1996]). Defendant did not preserve his arguments for submission of assault in the third degree under theories of recklessness (Penal Law § 120.00 [2]) or criminal negligence (Penal Law § 120.00 [3]), and we decline to review them in the interest of justice. Were we to review these claims, we would similarly find no reasonable view of the evidence warranting submission of those lesser included offenses.

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Andrias, Marlow, Nardelli and Catterson, JJ.