■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RODRIGUEZ, Appellant. [822 NYS2d 537]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J.), rendered September 19, 2002, convicting defendant, after a jury trial, of gang assault in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence. After being robbed by the victim and two others, defendant exhorted a group of men that was standing outside his building to stop the robbers. When two of these men caught the victim, one of them struck him in the head with a machete while the second man also attacked him. Defendant then joined in the beating of the victim, who by this point was bleeding profusely from his head wound and had also sustained stab wounds to his thighs, one of which pierced a major blood vessel. Defendant's intent to cause serious physical injury to the victim can be readily inferred from this evidence (*see People v Chowdhury*, 22 AD3d 596 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Santos*, 14 AD3d 411 [2005], *lv denied* 4 NY3d 856 [2005]).

The court also properly refused to submit assault in the third degree (Penal Law § 120.00 [1]) as a lesser included offense of gang assault in the first degree (Penal Law § 120.07). There was no reasonable view of the evidence, viewed most favorably to defendant, that he only intended to cause physical injury rather than serious physical injury (*see People v Martinez*, 30 AD3d 353 [2006]; *People v White*, 29 AD3d 457 [2006]). The evidence

unequivocally established that when defendant beat the victim he intended to worsen the victim's already serious injuries and deteriorating condition, and that defendant "shared a 'community of purpose' with [the other assailants]" (*People v Allah*, 71 NY2d 830, 832 [1988]).

When the jury acquitted defendant of first-degree manslaughter while convicting him of first-degree gang assault, the court properly rejected defendant's claim that the verdict was repugnant, and denied his request to resubmit the case to the jury. The verdict was not repugnant when viewed in light of the court's jury instructions (*see People v Green*, 71 NY2d 1006 [1988]; *People v Tucker*, 55 NY2d 1, 7 [1981]). While both crimes require intent to cause serious physical injury, the required result in first-degree manslaughter is the victim's death. Defendant's reliance on *People v Johnson* (14 AD3d 460 [2005]) is misplaced. That case stands for the proposition that since each degree of manslaughter requires a homicidal result and the two crimes differ only as to mens rea, an acquittal of first-degree manslaughter coupled with a conviction of second-degree (reckless) manslaughter constitutes an implied finding that the defendant acted recklessly, thereby negating the requisite intent for gang assault. In the instant case there was no second-degree manslaughter verdict, and thus no implied finding of reckless conduct. We also note that, in a colloquy concerning a note from the deliberating jury, defendant had expressly conceded that the jury could lawfully reach different verdicts on manslaughter and gang assault, and expressly requested that the court instruct the jury accordingly.

We perceive no basis for reducing the sentence.

Defendant's remaining argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.