[832 NYS2d 532]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS SUAREZ, Also Known as SANTO SUAREZ and as DOMINGO SUAREZ, Appellant.

First Department, March 27, 2007

144

## APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Mark W. Zeno* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Jonathan Zucker* and *Joseph N. Ferdenzi* of counsel), for respondent.

### OPINION OF THE COURT

WILLIAMS, J.

The Court of Appeals remitted this matter to this Court (6 NY3d 202 [2005]) for consideration of the appropriate remedy after reversing defendant's conviction for depraved indifference murder (Penal Law § 125.25 [2]) on the grounds that it was error to submit that count to the jury since the evidence was legally insufficient to support it. *Suarez* is one of a recent series of Court of Appeals decisions (*see e.g. People v Feingold*, 7 NY3d 288 [2006]; *People v Payne*, 3 NY3d 266 [2004]; *People v Gonzalez*, 1 NY3d 464 [2004]; *People v Hafeez*, 100 NY2d 253 [2003]; *see also Policano v Herbert*, 430 F3d 82 [2d Cir 2005], *questions certified to NY Ct App* 453 F3d 75 [2d Cir 2006]) that seek to provide a clearer understanding of the criminal liability contemplated by the term "depraved indifference" and thereby to foster appropriate use of criminal charges based upon this theory. The question of remedy is a critical and potentially recurring issue, given the widespread use of the depraved indifference murder statute in recent years.

The relevant facts at this point are as follows. On the evening of February 22, 2000, defendant caused the death of Jovanna Gonzalez, the woman with whom he cohabited and who was the mother of his infant daughter, by stabbing her in the throat, chest and abdomen after a heated argument in their apartment. He was charged with two counts of murder in the second degree (intentional and depraved indifference), manslaughter in the first degree and criminal possession of a weapon in the fourth degree. His trial testimony raised the issues of whether the justification defense was implicated, whether extreme emotional

disturbance was implicated and whether his intent was to cause death. The four counts submitted to the jury were murder in the second degree (intentional), manslaughter in the first degree (intentional but reduced because of extreme emotional disturbance), murder in the second degree (depraved indifference) and manslaughter in the first degree (with intent to cause serious injury). The jury was instructed pursuant to CPL article 300, inter alia, as to the proper order to consider the charges, and that a finding of guilty on a charge should end deliberations. Consequently, the jury acquitted defendant of intentional murder, convicted him of depraved indifference murder, and ceased deliberations without considering either count of manslaughter in the first degree.

On appeal, defendant argued that his conviction of depraved indifference murder was not proven by legally sufficient evidence since the conduct was proven to be intentional, not reckless, because the victim was the sole object of the assault and was stabbed three times. This Court affirmed the conviction (13 AD3d 320 [2004]).

Upon granting defendant leave to appeal, the Court of Appeals reversed. In its opinion, it discussed at length the theory and elements of depraved indifference murder and distinguished it from intentional (first-degree) and reckless (second-degree) manslaughter. It concluded that the circumstances are rare in which "[a] defendant may be convicted of depraved indifference murder when but a single person is endangered" (6 NY3d at 212), that (after providing three examples of such circumstances, none of which resembles the circumstances' at issue) "[w]here comparable facts are not shown . . . a jury is foreclosed, as a matter of law, from considering a depraved indifference murder charge whenever death is the result of a one-on-one confrontation" (id. at 213), and that depraved indifference murder should very rarely be submitted to a jury, either in tandem with intentional homicide or alone (id. at 215-216). Based on this reasoning, the Court further concluded that defendant's actions were intentional, and "in no way reflected a depraved indifference to [the victim's] fate" (id. at 216). However, the Court declined to address the question of remedy, since the parties had argued only the merits of the case, and remitted that issue to this Court "for full briefing and consideration and . . . to exercise its corrective action powers under CPL 470.20" (id.).

The primary issue to be addressed here is whether, given defendant's acquittal of intentional murder and the Court of

Appeals' reversal of defendant's conviction of depraved indifference murder, the Double Jeopardy Clauses of the Federal and State Constitutions, New York Criminal Procedure Law double jeopardy provisions and/or the doctrine of collateral estoppel bar defendant from now being tried for intentional manslaughter in the first degree, a charge included in the indictment, and submitted to but not considered by the jury.

The tenor of the Court of Appeals' decision in this case is that the trial court erroneously submitted the depraved indifference murder count to the jury, since it was not supported by legally sufficient evidence. CPL 300.40 provides:

> "The court may submit to the jury only those counts of an indictment remaining therein at the time of its charge which are supported by legally sufficient trial evidence, and every count not so supported should be dismissed by a trial order of dismissal. . . .

> "5. If an indictment contains two inconsistent counts, the court must submit at least one thereof. If a verdict of guilty upon either would be supported by legally sufficient trial evidence, the court may submit both counts in the alternative . . . ."

This trial error, in combination with New York's "acquit first" rule, which governs the order in which a jury must be charged to conduct its deliberations when lesser included offenses are submitted—i.e., the offenses must be considered in decreasing order of culpability, acquittal of all greater offenses before consideration of any lesser included offenses (*People v Johnson*, 87 NY2d 357 [1996]; *People v Boettcher*, 69 NY2d 174 [1987]; *see also* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 300.50, at 251-252)—resulted in the jury's inability to reach either charge of manslaughter in the first degree, which is a lesser included charge of intentional murder in the second degree. Specifically, once the trial court erroneously determined that the depraved indifference murder count should be submitted to the jury along with the inconsistent intentional murder count, the court was required to do so in the alternative, that is, the jury had to be instructed that it could only convict defendant of one or the other, but not both. The jury had to be further instructed, in accordance with *Johnson-Boettcher*, that only if it voted to acquit on both murder counts could it consider the lesser included "manslaughter one" of-

fense and that it should cease further deliberations upon reaching a guilty verdict upon any count (*see People v Helliger*, 96 NY2d 462 [2001]; *Johnson*, 87 NY2d at 359-361). The record shows that the trial court correctly gave these instructions, and the jury is presumed to have followed them (*see People v Divine*, 21 AD3d 767 [2005], *affd* 6 NY3d 790 [2006]), notwithstanding defendant's unsubstantiated allegations concerning the verdict sheet (*see People v Boatwright*, 297 AD2d 603 [2002], *lv denied* 99 NY2d 533 [2002]). However, the result was that the charges of manslaughter in the first degree, submitted to the jury, were never considered. Had the trial court not erroneously submitted depraved indifference murder, the jury would have been required to consider intentional manslaughter once it acquitted defendant of intentional murder.

The Double Jeopardy Clause (US Const 5th Amend) provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." It protects against three general governmental abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense (*North Carolina v Pearce*, 395 US 711, 717 [1969]). The Due Process Clause of the 14th Amendment extends these protections to the states (*see Benton v Maryland*, 395 US 784 [1969]). The New York Constitution (art I, § 6) affords similar protection. However, "[d]ecisions by [the US Supreme] Court have consistently recognized that the finality guaranteed by the Double Jeopardy Clause is not absolute, but instead must accommodate the societal interest in prosecuting and convicting those who violate the law" (*Garrett v United States*, 471 US 773, 796 [1985, O'Connor, J., concurring]). Moreover, "[p]ermitting retrial . . . is not the sort of governmental oppression at which the Double Jeopardy Clause is aimed; rather, it serves the interest of the defendant by affording him an opportunity to 'obtai[n] a fair readjudication of his guilt free from error' " (*Lockhart v Nelson*, 488 US 33, 42 [1988]).

CPL 40.30 provides:

> "1. Except as otherwise provided in this section, a person 'is prosecuted' for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either: . . .

> "(b) Proceeds to the trial stage and a jury has been

impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn. . . .

"3. Despite the occurrence of proceedings specified in subdivision one, if such proceedings are subsequently nullified by a court order which restores the action to its pre-pleading status or which directs a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument."

Thus, under circumstances where a lesser included charge was properly submitted to the jury, but, as in this case, was never considered due to trial error or, by way of analogy, in a mistrial or partial verdict situation, a verdict on the charge was never reached (see e.g. CPL 310.60 [2]; 310.70 [2]), New York courts have held that double jeopardy does not preclude prosecution of such charges; defendant's jeopardy as to such charges is deemed not to have been terminated (People v Charles, 78 NY2d 1044 [1991] [where jury, as instructed, did not consider remaining counts after convicting on first count, trial on remaining counts not precluded by Federal Constitution since jeopardy was never terminated by acquittal or dismissal]; see also People v Green, 96 NY2d 195 [2001] [retrial on lesser included offenses not barred by double jeopardy where they were submitted in original trial to jury which was unable to reach a verdict]; People v Quamina, 236 AD2d 426 [1997] [acquittal on second-degree weapon possession counts did not bar retrial on third-degree weapon possession counts on which jury was unable to reach a verdict]).

These situations are distinguishable from People v Biggs (1 NY3d 225 [2003]), where the defendant was tried on two counts each of second-degree intentional murder and second-degree depraved indifference murder arising from the same criminal transaction. At the close of evidence, the trial court advised the parties that there was insufficient proof on the intentional murder counts and did not submit them to the jury. The court then submitted to the jury the depraved indifference murder counts and, in the alternative, two counts of second-degree reckless manslaughter as a lesser included crime. The jury acquitted on the depraved indifference murder counts and was unable to reach a verdict on the second-degree manslaughter counts. Prior to any retrial, the defendant was subsequently reindicted and charged with two counts of first-degree intentional manslaugh-

ter as well as the unresolved second-degree manslaughter counts. The defendant's motion to dismiss the higher counts on double jeopardy grounds, due to the previously dismissed intentional murder counts, was denied because first-degree manslaughter was not considered by the first jury or contained in the original indictment. At the retrial, all four manslaughter counts were submitted to the jury in the alternative, and upon convicting him of the first-degree counts, the jury, pursuant to proper instruction, did not consider the second-degree counts. On appeal, the Second Department affirmed (298 AD2d 398 [2002]), holding that since first-degree manslaughter had not been charged in the indictment or submitted to the jury in the first trial, jeopardy had never attached. The Court of Appeals reversed, holding that the record clearly showed the trial court's refusal to submit the intentional murder counts in the first trial amounted to a dismissal of those counts, that intentional manslaughter, a lesser included of those counts, was the same crime for constitutional double jeopardy purposes, and therefore, "the Double Jeopardy Clauses of both the Federal and State Constitutions precluded defendant's *subsequent indictment and prosecution* for first degree manslaughter" (1 NY3d at 231 [emphasis added]).

Hence, in *Biggs*, after dismissal and acquittal of the respective intentional and the depraved indifference murder counts, the trial ended with the jury unable to reach a verdict on the "lesser included" second-degree manslaughter counts (1 NY3d at 228). There was no reversible trial error. Thus, the People were entitled to retry the defendant on those two counts pursuant to CPL 310.70 (2). However, in addition to those counts, the People sought, upon re-presentation to a grand jury, the new and more serious first-degree manslaughter counts. This violated several double jeopardy principles, since these counts could have been charged in the first indictment, but were neither charged nor submitted to the jury (*see* CPL 40.40 [2]), they exposed the defendant to greater jeopardy than what he faced at the conclusion of the first trial, and they constituted the same offense, for double jeopardy purposes, as the intentional murder counts of which he was acquitted in the first trial. Two of these elements were also present in *People v Owens* (227 AD2d 256 [1996], *lv denied* 88 NY2d 991 [1996], *cert denied* 520 US 1224 [1997]), which defendant relies upon in seeking to preclude his reprosecution.

In the case at bar, the only similarity to *Biggs* is that there was also an acquittal of intentional murder counts charged in

the alternative to depraved indifference murder counts. Here, defendant was convicted of depraved indifference murder, trial error was found, the conviction overturned and the count dismissed, leaving unresolved the indicted manslaughter one count that, but for the trial error in submitting depraved indifference murder, would have been considered by the jury. Since, unlike in *Biggs*, the People only seek to prosecute this remaining unresolved count, as charged in the indictment, which they may do pursuant to CPL 40.30 (3), they are entitled to such relief. At this point, defendant is subject to none of the perils present in *Biggs*.

The holding of *Biggs*, which the dissent misconstrues, is clear: "The Double Jeopardy Clause precludes *consecutive* prosecutions for greater and lesser included offenses where, 'the lesser offense . . . requires no proof beyond that which is required for conviction of the greater' " (*Biggs*, 1 NY3d at 230 [citations omitted and emphasis added]). Here, a new trial of the unresolved charge of first-degree manslaughter under the original indictment does not constitute a consecutive prosecution and is statutorily authorized (CPL 40.30 [3]). If the dissent's view were to prevail, a jury could never consider a lesser included offense in the alternative, after acquitting the defendant of the greater offense because of double jeopardy concerns. Thus, in an indictment charging two counts as, for example, second-degree murder (intentional) and first-degree manslaughter (Penal Law 125.20 [1]), a jury could not consider the latter after acquitting the defendant of the second-degree murder charge since, as a lesser included offense, it "requires no proof beyond that which is required for conviction of the greater" (*Brown v Ohio*, 432 US 161, 168 [1977]; *see also People v Wood*, 95 NY2d 509, 514 [2000]). Such a result is manifestly at odds with more than a century of well-settled law (*see People v Willson*, 109 NY 345 [1888]). When a jury finds a defendant not guilty of the degree charged in the indictment, it is authorized to find him guilty of any inferior degree (CPL 300.50), thus completing the prosecutorial process.

What *Brown* precludes is the successive prosecution and/or cumulative punishment of the same offense, as defined by *Blockburger v United States* (284 US 299 [1932]). Defendant is not being successively prosecuted or, if ultimately convicted, subjected to cumulative punishment. For these reasons, we believe, respectfully, that *People v Johnson* (14 AD3d 460 [2005]), relied upon by the dissent, which did not involve suc-

cessive prosecutions but rather a trial of an unresolved, originally charged offense, was incorrectly decided, as we implicitly recognized in *People v Rodriguez* (33 AD3d 543 [2006]).

*People v Charles* (78 NY2d 1044 [1991], *supra*), contrary to the dissent's view, is consistent with our holding here that double jeopardy does not preclude retrial of the lesser included first-degree manslaughter count. That Court, in reversing defendant's conviction on appeal and granting a new trial, held that because the jurors, pursuant to the trial court's instructions, did not consider the remaining counts after finding the defendant guilty of the top count, jeopardy never terminated on those counts. Similarly here, jeopardy never terminated on the remaining first-degree manslaughter count. As noted above, but for the erroneous submission of depraved indifference murder, and consistent with the court's proper instruction, the jurors would have proceeded to consider that count after acquitting defendant on the intentional murder count. Under these circumstances, the Court of Appeals' decision simply restores defendant to the situation in which he would have been had the trial error not been made; it does not place him in a better situation, i.e., by barring prosecution of the unresolved count.

Moreover, our analogy to those situations where a count was never considered or a verdict never reached is not inapt here. In those circumstances, the statutory objective is, once again, to restore the defendant to the same situation he would have been in had the trial process functioned properly. Thus, the dissent's claim that for purposes of this case, the language in CPL 310.70 (2) (a) precluding retrial where a "verdict of conviction thereon would have been inconsistent with a verdict[ ] of . . . acquittal[ ] actually rendered with respect to some other offense" would preclude retrial here, is incorrect because a verdict of conviction on the first-degree manslaughter count would not be inconsistent with the verdict of acquittal on the second-degree intentional murder count in this instance. Indeed, implicit in the notion of charging and submitting lesser included offenses and having a jury consider offenses in decreasing order of culpability is that it may decide to acquit of a higher count and convict on a lesser one. The rigid application of the double jeopardy bar imagined by the dissent would apparently foreclose this option in a substantial number of cases where there is reversal on an appeal.

Furthermore, the dissent's assertion that on a reversal of a conviction for trial error, retrial is warranted only as to those

offenses affected by the error, finds no support in CPL 40.30 (3) or *People v Goodman* (69 NY2d 32 [1986]). *Goodman*, which addresses a collateral estoppel issue—whether the argument of evidentiary facts necessarily established in the defendant's favor at his first trial should be barred in a retrial—as opposed to one of double jeopardy in the context of a mixed verdict wherein there were no unresolved counts, does not state or suggest in any way that an unresolved count of an indictment cannot be retried because of double jeopardy concerns.

In *People v Gonzalez* (61 NY2d 633 [1983]), a mistrial was followed by a retrial ending in a mixed verdict wherein there were no unresolved counts. The defendant was acquitted of second-degree murder and assault and convicted of the submitted lesser included charge of first-degree manslaughter and second-degree criminal possession of a weapon. The reason the defendant could not be reprosecuted for first-degree manslaughter, after reversal of his conviction on appeal and remand with a direction for a new trial only on the second-degree criminal possession of a weapon charge, was that the manslaughter charge was an uncharged but submitted lesser included offense of the indicted second-degree murder charge; hence, once he was acquitted of the latter, "there was thus nothing remaining to support further criminal prosecution for manslaughter under that accusatory instrument" (*id.* at 635). Interestingly, however, while the first-degree manslaughter charge was dismissed, the dismissal was without prejudice to re-presentation of any appropriate charge to another grand jury.

Contrary to defendant's assertions, collateral estoppel would not bar reprosecution. "Before collateral estoppel may be applied in a subsequent criminal case, there must be an identity of parties and issues and a prior proceeding resulting in a final and valid judgment in which the party opposing the estoppel had a 'full and fair opportunity' to litigate" (*Goodman*, 69 NY2d at 38 [citations omitted]). Here, where the judgment that defendant relies upon was reversed on appeal, and hence does not constitute "a final and valid judgment," the jury's factual findings lose their preclusive effect (*People v Brown*, 59 AD2d 928 [1977]; *see also People v Plevy*, 52 NY2d 58, 69 [1980, Fuchsberg, J., concurring]; *Matter of McGrath v Gold*, 36 NY2d 406, 412 [1975]).

Moreover, since intentional manslaughter does not have the element that the Court of Appeals found lacking to sustain a conviction for murder in the second degree, i.e., circumstances

evincing a depraved indifference to human life, collateral estoppel should not bar a new trial on the pending intentional manslaughter charge. Also, given that the jury never had the opportunity to consider the intentional manslaughter count due to trial error, a consideration of the "realities of the . . . litigation" reveals that the party opposing estoppel (the People) never had a "full and fair" opportunity to litigate the issue of whether defendant had the intent to cause the victim serious physical injury (*see People v Roselle*, 84 NY2d 350, 357 [1994]; *Plevy*, 52 NY2d at 65; *Goodman*, 69 NY2d at 38).

Accordingly, on remittitur for consideration of an appropriate remedy from the Court of Appeals, the judgment of Supreme Court, Bronx County (Harold Silverman, J.), rendered January 30, 2002, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to a term of 20 years to life, should be reversed, on the law, count two charging murder in the second degree (Penal Law § 125.25 [2]) dismissed and the matter remanded for trial on the unresolved charge of manslaughter in the first degree.

TOM, J.P. (dissenting). The majority concludes that defendant can be retried for manslaughter in the first degree without offending the statutory prohibition against double jeopardy (CPL 40.20) because the jury did not "reach" that count of the indictment. This analysis fails because the jury neither failed to return a verdict, resulting in the declaration of a mistrial (CPL 310.60 [1]), nor returned a partial verdict (CPL 310.70 [1]) so as to warrant retrial (CPL 310.60 [2]; 310.70 [2]).

The law pertinent to the disposition of this matter can be concisely stated. Defendant was acquitted of intentional murder in the second degree. Manslaughter in the first degree is a lesser included offense of intentional second-degree murder because " 'the lesser offense . . . requires no proof beyond that which is required for conviction of the greater' " (*People v Biggs*, 1 NY3d 225, 230 [2003], quoting *Brown v Ohio*, 432 US 161, 168 [1977]). Thus, first-degree manslaughter is the "same offense" for double jeopardy purposes (*Blockburger v United States*, 284 US 299, 304 [1932]), and prosecution for that offense is precluded by the Double Jeopardy Clause of both the United States Constitution and the New York State Constitution (*Biggs*, 1 NY3d at 231).

The Double Jeopardy Clause affords protection against prosecution for the same offense, whether after acquittal or after conviction; in addition, it protects against multiple punishments

for the same offense (*Biggs*, 1 NY3d at 228-229, citing *North Carolina v Pearce*, 395 US 711, 717 [1969]).[1] Of concern here, as in *Biggs*, is the protection against prosecution for the same offense following acquittal.

The majority's attempt to distinguish this matter from *Biggs* is unavailing. In *Biggs*, the indictment charged the defendant, inter alia, with second-degree murder under both intentional (two counts) and depraved indifference (two counts) theories. The trial court found the evidence of intent insufficient and submitted to the jury only depraved indifference murder and, as a lesser included offense, second-degree manslaughter (two counts). The jury found the defendant not guilty on the murder counts but was unable to agree on the manslaughter charges, resulting in the declaration of a mistrial. The People then obtained an indictment against the defendant for manslaughter in the first degree (two counts) and manslaughter in the second degree (two counts), culminating in his conviction of first-degree manslaughter. The Court of Appeals reversed the judgment of conviction on constitutional double jeopardy grounds, reasoning that the intentional murder counts had been dismissed during the first trial for insufficient evidence—the equivalent of an acquittal for double jeopardy purposes—barring the defendant's "subsequent prosecution for first degree manslaughter" (1 NY3d at 230). The Court stated:

> "For double jeopardy purposes, intentional murder in the second degree and manslaughter in the first degree should be considered the same offense as no additional element of proof is required to sustain a conviction of first degree manslaughter beyond that which is required for second degree murder.
>
> "Consequently, since defendant was acquitted of the intentional murder charges at his first trial, and manslaughter in the first degree is the same offense as murder in the second degree under *Blockburger*, the Double Jeopardy Clauses of both the Federal and State Constitutions precluded defendant's

---

1. "The prohibition on double jeopardy protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense" (*Boyd v Meachum*, 77 F3d 60, 63 [2d Cir 1996], *cert denied sub nom. Boyd v Armstrong*, 519 US 838 [1996], citing *Pearce*). "For purposes of double jeopardy, a greater offense is the 'same offense' as any lesser included offense, and vice versa" (*id.*, citing *Brown v Ohio*, 432 US 161, 168 [1977]).

subsequent indictment and prosecution for first degree manslaughter" (*id.* at 230-231).

In the matter at bar, as in *Biggs*, the trial court submitted to the jury two counts of second-degree murder under both intentional and depraved indifference theories. Also submitted were two counts of manslaughter in the first degree (intent to cause serious physical injury and extreme emotional disturbance). Defendant was acquitted of intentional murder and convicted of depraved indifference murder. The Court of Appeals reversed the judgment of conviction on the ground that the evidence was insufficient to sustain a finding of depraved indifference and remanded the matter to this Court for consideration of the appropriate remedy (6 NY3d 202, 216 [2005]).[2]

The question presented by both cases is identical: whether the defendant, having been acquitted of intentional murder, can be subjected to prosecution for first-degree manslaughter without offending the constitutional protection against double jeopardy. Clearly, *Biggs* is dispositive of the issue.[3]

In both *Biggs* and the matter at bar, the defendant was acquitted of intentional second-degree murder (in *Biggs* because that count was dismissed by the trial court, and here because the jury returned a verdict of not guilty).[4] While the jury in *Biggs* acquitted the defendant of depraved indifference murder and deadlocked on the second-degree manslaughter charge, resulting in the declaration of a mistrial, the jury in this matter returned a final verdict of guilty on the depraved indifference

---

**2.** The Court observed that while the jury might properly have found defendant to have intended either to cause the victim's death or to inflict serious physical injury, his actions "in no way reflected a depraved indifference to her fate" (6 NY3d at 216).

**3.** The Double Jeopardy Clause forbids not merely indictment but prosecution for the same offense (*see Biggs*, 1 NY3d at 229, citing *Smalis v Pennsylvania*, 476 US 140, 142 [1986]; *Burks v United States*, 437 US 1, 18 [1978]; and *People v Mayo*, 48 NY2d 245, 249 [1979]). Thus, it is immaterial that in *Biggs* the defendant was retried for manslaughter in the first degree under a new indictment. The bar of double jeopardy applies whether the defendant is prosecuted under the original or a subsequent indictment (*see e.g. Corey v District Ct. of Vt., Unit # 1, Rutland Circuit*, 917 F2d 88, 89-90 [2d Cir 1990] [double jeopardy constitutes an "unequivocal bar against a second trial after a judgment of acquittal"]).

**4.** Similarly, in *People v Owens* (227 AD2d 256 [1996], *lv denied* 88 NY2d 991 [1996], *cert denied* 520 US 1224 [1997]), the dismissal of the sole count of first-degree robbery was held to be tantamount to an acquittal, thereby barring subsequent prosecution for the lesser included offense of third-degree robbery.

murder charge, culminating in its reversal because the evidence was incompatible with that crime. Seizing upon this distinction, the majority reasons that, here, "trial error was found, the conviction overturned and the [depraved indifference murder] count dismissed, leaving unresolved the indicted manslaughter one count that, but for the trial error in submitting depraved indifference murder, would have been considered by the jury." Thus, the majority concludes, the People are entitled to retry defendant for this lesser included offense under CPL 40.30 (3), which provides for "further prosecution of such offense under the same accusatory instrument."

The majority's reasoning is circular. As pertinent herein, CPL 40.30 (3) permits reprosecution under the same indictment where the prior proceedings have been "nullified by a court order . . . which directs a new trial of the same accusatory instrument." It bears emphasis that this matter is before us on remand from the Court of Appeals to determine the "corrective action" to be taken following the reversal of defendant's conviction for depraved indifference murder (6 NY3d at 216).[5] What the majority's analysis fails to consider is that unless and until, by order of this Court, the prior proceedings are "nullified" so as to warrant "a new trial of the accusatory instrument" (CPL 470.20 [1]), there exists no order contemplated by CPL 40.30 (3) lifting the statutory double jeopardy bar of CPL 40.20.

The majority's analysis also fails to recognize that the trial error prompting reversal by the Court of Appeals did not affect defendant's acquittal of intentional murder in the second degree and, by necessary implication following *Blockburger*, any lesser included offense. Reversal of a judgment of conviction on the basis of trial error warrants retrial only as to those offenses affected by the error. As stated in *People v Goodman* (69 NY2d 32, 39 [1986]),

> "In the case of a mixed verdict, the defendant has been acquitted by the jury of some of the charges in a multicount indictment but, at the instance of defendant, the conviction has been set aside because of trial error. In that situation, the People are not foreclosed by either double jeopardy or collateral

5.  This determination is guided by CPL 470.20, but its rules are not intended "to specifically cover the universe of possible situations" including, as here, the reversal of one but not all counts of a multicount indictment (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 470.20, at 671).

estoppel concerns from reprosecuting the defendant on the charge which resulted in conviction."

In the instant matter, the trial error identified by the Court of Appeals concerns the charge of depraved indifference murder; no error is attributable to the verdict of acquittal returned by the jury on the charge of intentional murder in the second degree, and the acquittal stands as a final and valid judgment as to that count and a bar to further prosecution for that offense or any lesser or greater offenses requiring the same proof (*Biggs*, 1 NY3d at 230-231).

A similarly flawed analysis dooms the majority's attempt to bring this case within the statutory provisions pertaining to the failure to return a verdict by a deadlocked jury (CPL 310.60) or the return of a partial verdict (CPL 310.70), to which this case is factually incongruous. Rather than confront the implications of the *Biggs* case as it concerns defendant's acquittal for intentional murder, the majority postulates an analogy with the failure of the *Biggs* jury to return a verdict on manslaughter in the second degree. Because the *Biggs* jury's inability to reach a verdict as to that offense permitted the defendant's retrial thereon, the majority concludes that defendant herein can likewise be retried for manslaughter in the first degree because the jury did not return a verdict on that charge.[6] The pertinent distinction, however, is that in *Biggs* the jury actually deliberated the second-degree manslaughter offense but was unable to reach a verdict, whereas here, following the court's instructions, the jury did not even consider the first-degree manslaughter charge upon returning a guilty verdict on depraved indifference murder. Thus, while the verdict returned by the jury comported with the trial court's instructions, as the majority observes, the proceedings resulted neither in the declaration of a mistrial due to the jury's inability to render any verdict whatsoever nor in the court's acceptance of a partial verdict. CPL 310.60 and 310.70 are therefore inapplicable, and retrial is not authorized under either statute.

*People v Charles* (78 NY2d 1044 [1991]), relied upon by the majority, is clearly distinguishable. There, an error of law

---

**6.** On the first trial in *Biggs*, the jury deadlocked on the second-degree manslaughter charges, leaving the question of the defendant's guilt unresolved. On the second trial, the jury did not reach these charges in accordance with the court's instruction not to consider them if a guilty verdict was returned on the first-degree manslaughter counts. Thus, upon reversing the second conviction, the Court of Appeals remanded the matter for a new trial as to the second-degree manslaughter counts of the indictment (1 NY3d at 228, 231).

required retrial of "three drug charges arising from the possession of cocaine and marihuana" (*id.* at 1046). The jury found the defendant guilty on the top count of the indictment (criminal possession of a controlled substance in the first degree) and so did not reach the two lesser counts. On appeal, the defendant contended that he could be "retried only on the one count of which he was found guilty, that double jeopardy prevents retrial on those counts of the indictment not considered by the jury" (*id.* at 1047). The Court of Appeals rejected this argument, noting that "the jurors had not considered the remaining counts as a result of the court's instruction. Thus, jeopardy was never terminated by acquittal or dismissal of those counts" (*id.*).

The difference between *Charles* and the matter at bar should be apparent. In *Charles*, the jury *convicted* the defendant (as it transpired, erroneously) of the top count of the indictment and truly did not reach any lesser included offense. Here, by contrast, the jury *acquitted* defendant of the top intentional murder count, which was not overturned. The operative distinction is that jeopardy was terminated by defendant's acquittal of intentional murder in the second degree, thus barring his retrial for the lesser included offense of manslaughter in the first degree (*see Boyd*, 77 F3d at 64 ["Double jeopardy prohibits *subsequent* prosecutions after the completion of a first jeopardy"]).[7] Unlike *Charles*, there was no trial error with respect to the verdict rendered on the greater offense so as to permit defendant's retrial on the lesser included offense.

The cases cited by the majority involving the return of a partial verdict are inapposite because reversal of one count of an indictment is simply not analogous to the failure of a jury to render a verdict on that charge in the first instance, whether due to the inability of the jurors to reach agreement on the particular count (*People v Green*, 96 NY2d 195 [2001]; *People v Quamina*, 236 AD2d 426 [1997]) or some other reason, such as the incapacity of a juror (*People v Ryan*, 19 NY2d 100 [1966]). A distinction must be observed between those situations in which the People are prevented from obtaining a verdict on all counts submitted to a jury in accordance with the instructions of the trial court (*see People v Jackson*, 20 NY2d 440, 449-450 [1967], *cert denied* 391 US 928 [1968]), resulting in a partial verdict fol-

---

**7.** Conceptually, *reversal* of a *conviction* on the top count of an indictment affects only that count, whereas *acquittal* on a count of an indictment is tantamount to acquittal on all lesser and greater offenses requiring the same proof for conviction.

lowing which retrial is permitted (CPL 310.70 [2]), and the circumstances attendant upon the present case, where trial culminated in a final verdict on all the counts on which the jurors were instructed to return a verdict. In the case of deadlock, retrial is limited to charges as to which "the proceedings were inconclusively terminated by the declaration of a mistrial following the jury's inability to reach a verdict" (*Mayo*, 48 NY2d at 249). Trial proceedings herein were not inconclusively terminated by any such inability of the jury to reach a verdict on any charge submitted to it.

The matter before us is analytically similar to *People v Johnson* (14 AD3d 460 [2005]), in which the jury convicted the defendant of manslaughter in the second degree and gang assault in the first degree, acquitting him of manslaughter in the first degree. The trial court dismissed the count of first-degree gang assault as inconsistent with the acquittal of first-degree manslaughter (since both offenses require an intent to inflict serious physical injury).[8] The conviction was subsequently vacated for trial error (*Rosario* and *Brady* violations), and the defendant was then retried and found guilty of gang assault in the second degree, a count that was included in the original indictment (*id.* at 461). On appeal, this Court rejected the People's contention that the result of the first trial did not amount to an acquittal on the count of first-degree gang assault and that the defendant could therefore be retried for either first- or second-degree gang assault. We noted that "the earlier prosecution terminated with a final and valid judgment" (*id.* at 462, citing *Goodman*, 69 NY2d at 38) and held that the trial court's order of dismissal was "tantamount to an acquittal of gang assault in the first degree," protecting the defendant against further prosecution for that offense (*id.*, citing *Biggs*, 1 NY3d at 229). We further held that the defendant could not be retried for gang assault in the second degree on the ground that, under *Blockburger*, it is the "same offense" for double jeopardy purposes as gang assault in the first degree.

---

8. In *Johnson*, this Court upheld the dismissal of first-degree gang assault on collateral estoppel grounds, reasoning that conviction of second-degree manslaughter, requiring only recklessness, and acquittal of first-degree manslaughter, requiring intent to cause serious physical injury, "necessarily negated" that element of first-degree gang assault, noting that "the People were afforded a full and fair opportunity to litigate the issue of defendant's intent to inflict serious physical injury upon the victim" (*Johnson*, 14 AD3d at 462). Our decision in *People v Rodriguez* (33 AD3d 543, 544 [2006]) does no more than acknowledge that rationale; it does not intimate that *Johnson* was "incorrectly decided," as the majority suggests.

As in *Johnson*, where the defendant "was acquitted of manslaughter in the first degree and . . . the People acquiesced in the judgment convicting him of manslaughter in the second degree" (14 AD3d at 461-462), amounting to an acquittal of first-degree gang assault, defendant herein was acquitted of intentional murder in the second degree, and the People acquiesced in a judgment convicting him of depraved indifference murder. Also, as in *Johnson*, the offense of which defendant was acquitted is the same offense for double jeopardy purposes as the offense for which retrial is sought under the same indictment (*id.*) and, under the same rationale, retrial is precluded by the bar against double jeopardy.

The majority's professed concern that this analysis will preclude a jury's consideration of a lesser included offense upon deciding to acquit a defendant of a greater offense (*see People v Johnson*, 87 NY2d 357, 360-361 [1996]) is unwarranted since the bar of double jeopardy applies only to "consecutive prosecutions for greater and lesser included offenses" (*Biggs*, 1 NY3d at 230), not to a jury's assessment of guilt in the course of a single prosecution. The jury's acquittal of defendant on the charge of second-degree intentional murder constitutes an absolute bar to his *subsequent* prosecution for the same offense, for double jeopardy purposes, of first-degree manslaughter (*Corey*, 917 F2d at 89-90) because jeopardy ended when final judgment was rendered (*see Boyd*, 77 F3d at 63-64). Reversal of defendant's *conviction* renders the judgment nonfinal only as to those charges that are lesser included offenses of depraved indifference murder, and retrial is limited to such offenses (*Charles*, 78 NY2d at 1047).

While the result of this exposition is that a defendant convicted of second-degree murder may go free because the verdict was predicated on the wrong theory, this outcome is an unavoidable consequence of the significant transformation of the element of depraved indifference over a period of several years (*see Policano v Herbert*, 7 NY3d 588, 602-603 [2006]) from an objective criterion based on degree of risk (*People v Sanchez*, 98 NY2d 373 [2002]) to a subjective standard premised on mens rea (*People v Feingold*, 7 NY3d 288, 296 [2006]). This Court is constrained by the constitutional protection against double jeopardy from directing retrial for manslaughter in the first degree. As observed in the concurring opinion by three Court of Appeals Judges in this matter,

"In overturning convictions in such cases, the Court

. . . performs an unpleasant but necessary duty, and by doing so will make future homicide prosecutions more sustainable, increasing the likelihood that defendants who are proven beyond a reasonable doubt to have committed intentional murder will be properly held to account for that crime" (6 NY3d at 217).

Accordingly, the judgment of conviction should be vacated and the indictment dismissed.

ANDRIAS, SULLIVAN and GONZALEZ, JJ., concur with WILLIAMS, J.; TOM, J.P., dissents in a separate opinion.

Upon remittitur from the Court of Appeals, judgment, Supreme Court, Bronx County, rendered January 30, 2002, reversed, on the law, count two charging murder in the second degree dismissed and the matter remanded for trial on the unresolved charge of manslaughter in the first degree.