People v Herrera (2019 NY Slip Op 02631)





People v Herrera


2019 NY Slip Op 02631


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8907 3109/14

[*1]The People of the State of New York, Respondent,
v Joel Herrera, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Ronald Alfano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eric Del Pozo of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered November 4, 2015, convicting defendant, upon his plea of guilty, of conspiracy in the second degree, and sentencing him to a term of two to six years, unanimously affirmed.
Defendant's prosecution for conspiracy to commit murder, after a prior prosecution for the actual murder resulted in a trial conviction for manslaughter and gang assault, did not violate the federal or state double jeopardy prohibitions, because conspiracy is not the same offense, for double jeopardy purposes, as murder, manslaughter, or gang assault (see People v Biggs, 1 NY3d 225, 230 [2003]). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not" (Blockburger v United States, 284 US 299, 304 [1932] [citations omitted]). Neither the fact that the evidence at the homicide trial would have also supported a conspiracy charge, nor the fact that defendant had been alleged to have acted in concert with other persons, has any relevance under the Blockburger test.
Defendant's plea allocution was sufficient and his plea was valid. The Court of Appeals has "never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense, or provides a factual exposition for each element of the pleaded-to offense" (People v Seeber, 4 NY3d 780, 781 [2005][citation omitted]; see also People v Goldstein, 12 NY3d 295, 301 [2009]). Defendant pleaded guilty knowingly, intelligently and voluntarily, in return for a sentence that, we note, was structured so that he would receive no additional incarceration beyond the 20 years he received for the homicide.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK